897 F.2d 538
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HENRY T. REAPE, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 90-3001.
 United States Court of Appeals, Federal Circuit.
 Feb. 12, 1990.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The Merit Systems Protection Board (Board) affirmed the Administrative Judge's initial decision sustaining the agency's removal of Henry T. Reape (Reape) for unsatisfactory performance during his performance improvement period. Reape v. Department of Health and Human Servs., Docket No. SF04328810723, slip op. (MSPB Aug. 10, 1989). We affirm.
 
 OPINION
 
 2
 Reape filed a timely appeal under 5 U.S.C. Sec. 7703(b)(1) (1988), which invokes our jurisdiction under 28 U.S.C. Sec. 1295(a)(9) (1982). This court reviews decisions of the Board to determine if the decisions are unsupported by substantial evidence, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1988). Substantial evidence of record supports the Board's finding that Reape's performance remained unsatisfactory due to his "failure to improve his performance during the PIP period." Reape, slip op. at 7 n. 1.
 
 
 3
 On appeal Reape asserts he was denied a medical examination. There is no evidence of record that Petitioner ever requested a medical examination. Nor did Petitioner furnish medical documentation of a mental or physical condition that "may" have contributed to his unacceptable performance. 5 C.F.R. Sec. 432.204(d) (1989). That regulation provides that an examination may be required or offered only if such documentation is furnished by the employee and reviewed by the agency. Id.
 
 
 4
 Petitioner's constitutional rights were not shown to have been violated. Nothing in the Constitution that Petitioner cites entitles him to a medical examination.
 
 
 5
 Petitioner also asserts the interrogatories by the agency violated his constitutional rights to privacy and against self-incrimination. None of the routine interrogatories contravened any constitutional guarantees. His additional constitutional arguments have been considered and are without merit.
 
 
 6
 Petitioner has provided no evidence to support his allegations of bias on the part of the Board or of prohibited ex parte communications between the Administrative Judge and agency's counsel.
 
 
 7
 Petitioner argues that his removal was in retaliation for whistleblowing activity. Because this issue was not raised before the Board, we will not consider it on appeal. See Lizut v. Department of Army, 717 F.2d 1391, 1396 (Fed.Cir.1983).